NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 9 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE LOPEZ SALAZAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71744

Agency No. A087-990-909

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
San Francisco, California

Before:  S.R. THOMAS and McKEOWN, Circuit Judges, and ORRICK,[***] District
Judge.

Jose Lopez Salazar, a native and citizen of Guatemala, petitions for review

of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William Horsley Orrick, United States District Judge
for the Northern District of California, sitting by designation.

from the Immigration Judge's ("IJ") order denying his application for withholding of removal and deeming his application for relief under the Convention Against Torture withdrawn. We review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252 and deny in part and dismiss in part the petition.

Lopez Salazar's challenge to the agency's jurisdiction is foreclosed by our decisions in *Aguilar Fermin v. Barr*, 958 F.3d 887, 893–95 (9th Cir.), *cert. denied*, 141 S. Ct. 664 (2020), and *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019). Lopez Salazar's briefing appears to argue that we should conclude that *Aguilar Fermin* and *Karingithi* were wrongly decided, but we are bound by our prior caselaw absent extraordinary circumstances not present here. *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

Although Lopez Salazar adequately exhausted the issue, he is mistaken in claiming that the agency failed to sufficiently consider whether his proposed particular social group of "repatriated Guatemalan males who oppose gang violence" satisfied the criteria identified in *Matter of M–E–V–G–*, 26 I. & N. Dec. 227 (BIA 2014). The IJ concluded that this proposed group did not satisfy the *M–E–V–G–* criteria, finding the group "lack[ed] immutable status as well as particularity and social distinction." The BIA adopted and affirmed the IJ's

2

decision citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), meaning that it was not required to conduct its own individualized analysis of the proposed group. "Our caselaw establishes that where the BIA cites its decision in *Burbano* and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety." *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005). The agency adequately addressed this argument, and Lopez Salazar has not argued that the agency's conclusion was unsupported by substantial evidence, waiving any such challenge. *Bingxu Jin v. Holder*, 748 F.3d 959, 964 n.2 (9th Cir. 2014).

Lopez Salazar's remaining arguments are unexhausted, and therefore unreviewable. *See Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (stating that issue exhaustion is a jurisdictional requirement); *Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam) (declining to address due process argument not raised below, which could have been addressed by the agency).

**PETITION DENIED IN PART AND DISMISSED IN PART.**

3